ROWE *v.* HAMBERGER ET AL.

[No. 18,773. Filed May 29, 1900.]

INJUNCTION.—*Deeds.— Warranty.— Indemnity Mortgage.*— A mortgage executed by a grantor of real estate to secure grantee from loss by reason of an alleged outstanding paramount title to part of the real estate conveyed, runs with the land, and a purchaser of the land from the holder of the mortgage, under covenants of warranty, may restrain his grantor from releasing the mortgage.

From the Jay Circuit Court. *Affirmed.*

*W. H. Williamson* and *E. E. McGriff,* for appellant.
*J. F. LaFollette* and *J. W. Thompson,* for appellees.

BAKER, C. J.—Injunction. The material facts in appellees' complaint are these: One Isenhart was the owner of 160 acres of land in Jay county. In May, 1894, he conveyed forty acres thereof to his daughter Nancy Lee. Some time afterwards he took the unrecorded deed from Mrs. Lee and destroyed it. On January 11, 1897, Isenhart conveyed and warranted the whole tract to appellant, who duly recorded his deed. In the deed, appellant assumed encumbrances to the amount of $1,600. Appellant knew that Mrs. Lee claimed title to forty acres, so he required Isenhart to give him a mortgage on certain lots in the city of Portland, conditioned upon Isenhart's perfecting the title and saving appellant harmless from Mrs. Lee's claim. This mortgage was given January 11, 1897, and was duly recorded. On February 9, 1897, appellant executed to appel-

lees his warranty mortgage of the 160 acres and other lands to secure the payment of $10,990. Appellees took the mort-. gage in the full belief that appellant's title was perfect. In September, 1897, Mrs. Lee began suit against appellant and appellees to quiet her title to the forty acres. Appellant is wholly insolvent, and, as appellees are informed and believe, is about to satisfy and release the Isenhart indemnity mortgage. Unless appellant is restrained, appellees will lose their security and will suffer irreparable loss. Notice of application for a temporary order cannot safely be given, because appellant would transfer or release the indemnity mortgage before a hearing could be had. Prayer for a temporary restraining order and, on final hearing, an injunction against appellant's assigning or releasing the indemnity mortgage until the Lee case is ended and the rights of the parties fully determined. Appellant's demurrer to this complaint for want of facts was overruled and, on his refusal to plead further, judgment was rendered.

Is the indemnity personal to appellant, or does it so run with the land as that appellees have a preservable interest therein? Isenhart warranted the title to appellant. Appellant warranted the title to appellees. If appellees should suffer loss by reason of an outstanding paramount title, they could proceed against Isenhart on his covenant, because it was a real covenant. Isenhart's indemnifying mortgage was collateral to the covenant in his deed to appellant, and though appellant was the only indemnitee named, the security followed the real covenant, as the incident, the shadow, always follows the principal, the substance. In *Smith* v. *Peace*, 1 Lea 586, it appeared that at a chancery sale of the lands of W. H. Peace, deceased, T. C. Peace, one of the heirs, became purchaser and left unpaid part of the purchase money, the amount depending upon an accounting among the heirs thereafter to be had, for which a lien was retained. He sold the land to Burwell by title bond, and took Burwell's notes for the purchase money.

Some months afterwards, Burwell filed a bill charging that T. C. Peace had become insolvent and was unable to make good title, and praying that T. C. Peace be enjoined from collecting or transferring his notes until the encumbrance should be removed. To get rid of this suit, Peace executed to Burwell a bond, with Golliday and Tarver as sureties, binding him to make Burwell a title clear from encumbrance when by proper account the sum due the Peace heirs could be ascertained, and to save Burwell from loss. Burwell dismissed his bill, paid his notes, and afterwards sold the land by title bond to Smith and Goldston, receiving payment in full. The land was afterwards held liable for a balance of unpaid purchase money due from T. C. Peace to the Peace heirs, and Smith and Goldston paid the amount. On their action upon the bond, the sureties Golliday and Tarver contended that the bond "was a mere personal covenant between said parties and Burwell, to whom it was executed, and its benefits did not pass with the land when sold by Burwell to the complainants Smith and Goldston. Nor has the bond been assigned to complainants, either directly or by operation of law, and they therefore can not sue upon it in any court. Furthermore, this bond did not bind the sureties absolutely to remove the prior incumbrance upon the land, but only to indemnify Burwell against loss, and as he has suffered no loss there is no liability." The court said: "The complainants, having bought the land from Burwell and paid him in full and received his bond, have the right to call upon him for a valid and unincumbered title, and for the enforcement of all the obligations which he holds upon others by means of which an unincumbered title is to be obtained."

As no loss has yet been sustained on account of the claim of Mrs. Lee, no action could be maintained at present by anyone upon the indemnity mortgage; but, since appellees would be entitled to the benefit of the indemnity in case of loss, appellant should be restrained from dissipating that

security. The objections that it does not appear that the 160 acres are worth the $1,600 of prior encumbrances assumed by appellant or that the other securities of appellees are insufficient, are not well taken by appellant in view of his confession of the appellees' averment that the release of the indemnifying mortgage would impair their security and cause them irreparable loss.

Judgment affirmed.